IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Disabled Patriots of America, Inc., a Florida not for profit corporation and Bonnie Kramer, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | 07 C 6333 |
| vs. | ) ) | Judge Norgle |
| Century Mall, LLC, a Domestic Limited Liability Company, | ) ) ) ) | Magistrate Judge Mason |
| Defendant. | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Century Mall, LLC, by its attorneys, answers as follows Plaintiffs' complaint:

1.   Plaintiff, Bonnie Kramer, is an individual residing in Cleveland Ohio. Bonnie Kramer suffers from multiple sclerosis and is bound to a wheelchair.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny paragraph 1.

2.   Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E. Street, Lake Worth, FL 33460, in the County of Palm Beach.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny paragraph 2. Further answering, on information and belief, Disabled Patriots of America, Inc. has no assets, does not conduct any legitimate business, and has no interest or standing in this case.

3.   Defendant's property, Century Shopping Center, 2828 N. Clark Street, Chicago, IL 60657, in the County of Cook.

**ANSWER:**   Defendant admits paragraph 3.

4. Venue is properly located in the Northern District of Illinois because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

**ANSWER:** Defendant admits the allegations of paragraph 4, but denies that Plaintiff have standing to bring this action.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

**ANSWER:** Defendant admits the allegations of paragraph 5, but denies that it has committed the "violations" referenced in this paragraph.

6. Plaintiff Bonnie Kramer is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Bonnie Kramer travels to the Chicago area several times each year to visit her adult son. While in the Chicago area, Ms. Kramer stays in area hotels, shops in area stores, visits theaters and tourist attractions. Ms. Kramer also is an advocate for similarly situated disabled persons and monitors places of public accommodation to determine whether they are in conformity with the ADA. Bonnie Kramer has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the plaintiff' organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny paragraph 6. Further answering, Defendant denies that Kramer has standing to bring this action.

7. Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED

PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled. members and their claims.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny paragraph 7. Further answering, Defendant denies that Disabled Patriots of America, Inc. has standing to bring this action.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 3.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Century Shopping Center, 2828 N. Clark Street, Chicago, IL 60657.

**ANSWER:** Defendant admits paragraph 8.

9. DISABLED PATRIOTS OF AMERICA, 1NC. and Bonnie Kramer have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Bonnie Kramer desires to visit Century Shopping Center not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff intends to return to the subject property, but for its discriminatory barriers and, at present, the discriminatory barriers prevent Plaintiff from returning to the property to fully enjoy the goods and services available.

**ANSWER:** Defendant denies the first two sentences of paragraph 9. Defendant is without sufficient knowledge or information to admit or deny third sentence of paragraph 9.

10. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

**ANSWER:** Defendant denies paragraph 10.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26,1993, if Defendant has 10 or fewer employees and gross receipts of

$500,000 or less). A preliminary inspection of Century Shopping Center has shown that violations exist. Bonnie Kramer is aware of these violations. These violations include, but are not limited to:

### Parking

1. Some of the accessible spaces do not provide signs designating the disabled use spaces in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. The disabled use spaces do not have a clear and level access aisles provided, violating Section 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

3. The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

### Entrance Access and Path of Travel

1. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

2. There are interior doors of the building that exceed the maximum force of 5lb to open in violation of Section 4.13.11 of the ADAAG whose resolution is readily achievable.

3. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

4. There are rises at the thresholds of entrances at the facility in excess of ½ of an inch, violation Sections 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

5. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

6. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

### Access to Goods and Services

1. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.309 of the ADAAG whose resolution is readily achievable.

2. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

4. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

5. There are self-service areas with dispensers whose controls cannot be operated with a closed fist violation Section 4.27.4 of the ADAAG whose resolution is readily achievable.

### Restrooms

1. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

2. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is ready achievable.

3. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

4. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

5. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

6. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

**ANSWER:** Defendant denies paragraph 11.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**ANSWER:** Defendant denies paragraph 12.

13. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C, § 12181 et. seq. and 28 CFR 36.302 et. seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

**ANSWER:** Defendant denies paragraph 13.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm, Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 arid 28 CFR 36.505.

**ANSWER:** Defendant denies paragraph 14.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if tire Defendant's

facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

**ANSWER:** Paragraph 15 states a legal conclusions to which no response is required.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

**ANSWER:** Defendant denies paragraph 16.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Century Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**ANSWER:** Defendant admits that this court has such authority, but denies that Plaintiffs are entitled to any relief whatsoever in this action.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be based.

2. Plaintiffs have no standing to bring this action.

3. To the extent that any of the alleged, but vaguely described "barriers," actually exist, removal of such barriers is not readily achievable, and/or is structurally impracticable, and/or is not technically feasible, and/or would create an undue burden.

4. Plaintiffs are not entitled to recover on their claims because Defendant has substantially complied with its legal obligations and with applicable legal requirements.

5. Plaintiffs' claims are barred, in whole or part, by the applicable statutes of limitations.

6.  To the extent that the premises at issue do not fully comply with the ADA, the premises are nonetheless usable by individuals with disabilities, and, when taken as a whole, the premises are compliant with the ADA.

7.  Plaintiff's claims are barred because they did not provide Defendant with notice and/or opportunity to cure.

8.  Plaintiffs' claims are barred because Defendant at all time acted reasonably and in good faith.

9.  Plaintiffs' allegations are barred, in whole or part, because the vaguely requested accommodations set forth in the Complaint would result in the fundamental alteration of the goods or services provided at Defendant's premises.

**Century Mall, LLC, Defendant**

By: /s/Edward D. Shapiro
    **One of Its Attorneys**

Edward D. Shapiro
Scott R. Fradin
**Much Shelist Denenberg
  Ament & Rubenstein PC**
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60601
312-521-2000

## CERTIFICATE OF SERVICE

Edward D. Shapiro, an attorney, certifies that he caused **Defendant's Answer to Plaintiffs' Complaint** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients on this 23rd day of July, 2008:

> Thomas Bacon
> Fuller, Fuller & Associates, P.A.
> 12000 Biscayne Boulevard, Suite 609
> North Miami, Florida 33181

> **/s/ Edward D. Shapiro**

786295_1