IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Disabled Patriots of America, Inc., a Florida not for profit corporation and Bonnie Kramer, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | 07 C 6333 |
| vs. | ) ) | Judge Charles R. Norgle, Sr. |
| Century Mall, LLC, a Domestic Limited Liability Company, | ) ) ) ) | Magistrate Judge Mason |
| Defendant. | ) | |

## RULE 26(f) REPORT OF THE PARTIES

Pursuant to Fed. R. Civ. P. 26(f) and The Court's Forms and Procedures, a meeting was held on July 23, 2008, and was attended by:

Thomas B. Bacon., Esq. counsel for Plaintiff DISABLED PATRIOTS OF AMERICA, INC.

Thomas B. Bacon, Esq., counsel for Plaintiff BONNIE KRAMER

Edward David Shapiro, Esq., counsel for CENTURY MALL, LLC

1. Magistrate Jurisdiction. The parties <u>X</u> do consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2. Pre-Discovery Disclosures. The parties ___ have exchanged the pre-discovery disclosures required by Initial Rule 26 and by Rule 26(a)2 Expert Witness Disclosure, and by the Court's prior order, if any, or:

    X  will exchange such disclosures by September 15, 2008.

3. Discovery Subjects and Dates. The parties jointly propose the following:

    A.    <u>Subjects</u>. The parties will serve Interrogatories, requests for admissions and

Requests for Production. The parties may conduct depositions. The parties have completed a full inspection of the Defendant's property with the respective representatives of the parties as well as architects and/or other experts. The parties shall confer regarding the disclosure requirements of Rule (26)(a)(1-4) of the Federal Rules of Civil Procedure.

B. Phases of Discovery.

Discovery need not be bifurcated or limited.

C. Dates

Date for disclosure and report of Plaintiffs' experts: The report of Plaintiffs' ADA expert has already been disclosed. Plaintiffs reserve the right to submit the report of Plaintiffs' financial expert if warranted by later proceedings.

Date for disclosure and report of Defendant's expert(s): November 14, 2008

Date for disclosure and report of rebuttal expert(s): December 15, 2008

Date for disclosure of non-expert witnesses: September 15, 2008, subject to later amendment which shall be reasonably consented to.

Discovery cut-off date: January 16, 2009

4. Discovery Limitations. The parties jointly propose the following changes to limitations under the Federal Rules of Civil Procedure:

No changes to limitations under Fed. R. Civ. P.

Absent leave of Court, the parties will take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A). Absent leave of Court, the parties will serve no more than twenty-five Interrogatories, including sub-parts. Fed.R.Civ.P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties'

agreed dates, deadlines, and other limits in entering the Scheduling Order. Fed.R.Civ.P. 29. In addition to the deadlines herein, the parties have agreed to further limit discovery as follows:

1. Depositions

(i.) It is anticipated the Plaintiffs will depose the Representative of the Defendant with the most knowledge regarding (1) ADA Compliance; (2) construction and improvements made to the Defendant's public facilities since 1992; (3) Defendant's experts, if any; and (4) present barriers in the subject premises that are in violation of the Americans with Disability Act.

(ii.) Defendant intends to depose witnesses in accordance with the Federal Rules of Civil Procedure and the Local Rules, including but not limited to, Plaintiffs, expert witnesses, if any, designated by the Plaintiffs, and such other witnesses discovered in the course of the discovery process.

2. Interrogatories

(i.) Plaintiffs will utilize Interrogatories to determine the identity of witnesses, the availability of documents, and the facts concerning ADA compliance. The initial Interrogatories will be served after filing the Case Management report, but in no event later than 33 days prior to any discovery cut-off agreed to by the parties or ordered by the Court.

(ii.) Defendant will utilize Interrogatories to determine the identity of witnesses, the availability of documents, and the facts concerning ADA compliance. The initial Interrogatories will be served after filing the Case Management report, but in no event later than 33 days prior to any fact discovery cut-off agreed-to by the parties or ordered by the Court.

3.   Document Requests

(i.) Plaintiffs have inspected inspection of the Defendant's facilities under Rule 34, including photographing with the Rule 34 premises inspection request.

(ii.) Plaintiffs intend to use Requests for Production of documents necessary to determine ownership and control of the public facilities. Plaintiffs will also seek documents pertaining to improvements made on property and other architectural changes. The initial Request for Production will be served in the manner authorized by the applicable rules at the appropriate time or times, but in no event later than 33 days prior to any fact discovery cut-off agreed-to by the parties or ordered by the Court.

4.   Requests to Admit

(i.) Plaintiffs plan on utilizing, and reserve the right to utilize, Requests for Admission to authenticate documents and narrow issues of fact which remain for determination by the Court.

(ii.) Defendant plans on utilizing, and reserves the right to utilize, Requests for Admission at the appropriate time, but in no event later than 33 days prior to any fact discovery cut-off agreed to by the parties or ordered by the Court.

5.   Supplementation of Discovery

Supplementation of discovery will be done according to the Federal Rules of Civil Procedure.

The above parties therefore request that discovery of the following type and extent be allowed in this case:

Interrogatories

Requests for Production

Requests for Admissions

Rule 34 Inspection

Depositions

5. Other Matters.

A.  Protective Order. The parties do not anticipate the need for a protective order.

B.  Settlement. Plaintiffs have made a settlement demand and negotiations have commenced.

Date by which a demand can be made: anytime.

Date by which a response can be made: seven days after demand.

C.  Motion Deadlines. Deadline to amend the pleadings and/or add parties: September 15, 2008

Deadline for motions relative to the pleadings: October 15, 2008

Deadline for dispositive motions: February 20, 2009

D.  Pretrial Conference Dates.

Recommended date for status conference: already set for August 20, 2008

Recommended date for pretrial conference: October 15, 2008

E.  Other matters pertinent to management of this litigation:

None at this time.

Signatures:

| Attorneys for Plaintiffs: | Attorney for Defendant: |
|---|---|
| /s/ Thomas B. Bacon | /s/ Edward D. Shapiro |
| Thomas B. Bacon, Esq. | Edward D. Shapiro, Esq. |
| Attorney-At-Law | Much, Shelist, Denenberg, Ament & |
| 1515 Grant Street | Rubenstein, P.C. |
| Hollywood, Florida 33020 | 191 North Wacker Drive, Ste. 1800 |
| Ph. (954) 925-6488 | Chicago, Illinois 60605-1615 |
| Fax (954) 237-5506 | Ph. (312) 521-2000 |
| baconlaw@bellsouth.net | Fax (312) -521-2200 |
| | eshapiro@muchshelist.com |

and

Jonathan E. Lerner, Esq.
P.O. Box 694
Wilmette, Illinois 60091
Ph. 847-271-2360
Fax 847-256-3038
email jlernerlaw@aol.com
Ill Bar. Id No. 1622242

## ORDER

APPROVED BY THE COURT this _____ day of _____, 2008, in Cook County, Chicago, Illinois.

_____
**United States District Judge**