IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Disabled Patriots of America, Inc., a Florida not for profit corporation and Bonnie Kramer, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) 07 C 6333 ) |
| | ) Judge Norgle |
| Century Mall, LLC, a Domestic Limited Liability Company, | ) ) Magistrate Judge Mason ) |
| Defendant. | ) ) |

**CONSENT DECREE**

This Consent Decree is entered into by and between DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, BONNIE KRAMER, Individually, (collectively, "Plaintiffs") and CENTURY MALL, LLC, an Illinois Domestic Limited Liability Company, ("Defendant") on the date last executed below.

1. Defendant's property is known as the Century Shopping Center, located at 2828 N. Clark St., Chicago, IL 60657 (hereinafter the "Subject Property"). The current improvements to the common areas at the Subject Property were constructed prior to the enactment of the Americans With Disabilities Act (the "ADA"). Plaintiffs allege that there are architectural barriers existing at the Subject Property that constitute violations of the ADA that unlawfully limit the Plaintiffs' use of the Subject Property. Defendant denies the allegations of the Plaintiffs' Complaint. The parties have determined and agreed that the remediation of the conditions identified at Paragraph 14, herein, through the remedial measures as set forth in Paragraph 14, herein, constitute such measures as are readily achievable to bring Defendant and the Subject Property into compliance with the ADA and

EXHIBIT A

that such measures, upon implementation, shall constitute compliance of those conditions with the ADA to the maximum extent feasible. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

2. All alterations and modifications required by this Consent Decree shall be completed prior to the re-inspection date set forth below, unless a different completion date is otherwise stated herein. A final property re-inspection conducted by Plaintiffs will take place on or after September 1, 2009 to ensure that the modifications to the Subject Property required below have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall, upon forty-eight (48) hours advance written notice, be provided access to the building to conduct a re-inspection and to verify commencement, progress and completion of the work agreed to. Such re-inspection and verification shall be at the Plaintiffs' sole cost and expense. In any event, Defendant or its counsel, shall notify Plaintiffs counsel by e-mail or Federal Express when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall notify Defendant's counsel in writing by e-mail or Federal express. Defendant shall have thirty (30) days to cure any alleged non-compliance or such longer time to which the parties may mutually agreed provided that the Defendant commences to cure within said thirty (30) day period.

3. Defendant shall pay Plaintiffs' counsel, Thomas B. Bacon, Plaintiffs' attorneys' fees, litigation expenses and costs incurred in this matter, and for Plaintiffs' expert fees and costs incurred in this matter. The amounts to be paid shall be established by counsel for the parties by separate letter agreement, which is incorporated as part of this Consent Decree.

4. The Court shall retain jurisdiction to enforce, as necessary, the terms of this Decree.

5.　　In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

6.　　This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

7.　　The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments or other force majeure events of delay, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

8.　　Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has, had, or may have in the future arising under the Americans With Disabilities Act for any matter occurring prior to the date of this Consent Decree. This provision is limited to the Subject Property.

9.　　All references to the ADAAG refer to the following: 28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) – ADAAG.

10.　　The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the ADA standards referenced at Paragraph 14, herein. All references

to figures in the paragraphs below refer to those that accompany the ADA and that more fully describe the considered full compliance with the ADA.

11.  This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any parties signature shall be deemed as legally binding as the original signatures.

12.  The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

13.  Defendant shall complete all modifications and submit to Plaintiffs' counsel a report summarizing the actions it has taken pursuant to this Consent Decree by August 31, 2009.

14.  The Defendant agrees to implement by no later than August 31, 2009, the ADA remedial measures described below:

**A.   PARKING SPACES**

In accordance with ADA Stds 4.6, and 4.1.2(5), Defendant shall, to the extent readily achievable, re-stripe the accessible parking spaces to ensure that there are 9 fully compliant accessible spaces with at least two compliant "van accessible" spaces. The spaces shall each be marked with compliant signage. To the extent readily achievable, these spaces shall be on a grade with slope and cross-slope not to exceed 2% and shall be located nearest to the adjacent accessible route to the building.

**B.   ACCESSIBLE ROUTES**

4

1. The parties acknowledge that although the following ramps exceed the slope specified in the ADA and the ADAAG, modification of the ramps to reduce the slopes is not readily achievable. Accordingly, Defendant shall modify the following ramps by installing handrails to comply with ADA Stds 4.8.5 and 4.26 and such modifications shall constitute compliance with the ADA to the maximum extent feasible:

    a. 1st ramp to the 4th floor, next to "L.A. Tan";

    b. 2nd ramp to the 4th floor, next to "Maison Rouge";

    c. The Ramp next to "Express";

    d. Ramps next to "Gamers Paradise" and "Aveda Services";

    e. The ramp on the route from the ground level of the parking area leading to the facility entrance.

2. Defendant shall install handrails and directional signage, in accordance with ADA Stds 4.9.4 and 4.30 at the 2nd floor exit to the parking garage.

3. With respect to the door on the route from the accessible parking on the 6th level, Defendant shall modify the handrail to the extent reasonably practical to meet the clearance requirements identified at Fig. 25 to ADAAG taking into account the surrounding existing conditions.

4. Defendant shall install a buzzer and designate an alternate meeting space to resolve any access to the Management Office.

C. **MANAGEMENT OFFICE**

In the Management Office, Defendant shall provide a clip board and signage stating "Assistance is available upon request."

### D. COMMON AREA RESTROOMS

In compliance with ADA Stds 4.16 and 4.30 and figure 29(b), Defendant shall implement the following in its restrooms:

1. In the 4th floor restrooms, provide directional signage directing patrons to other accessible restrooms;

2. In the 3rd floor restrooms, provide signage designating these as the accessible restrooms;

3. In the 3rd floor restrooms, install the toilet paper dispensers in accordance with ADA Stds 4.16.6 and Figure 29(b);

4. In the 3rd floor men's restrooms, install an offset flange at the accessible toilet to bring the toilet centerline to within a range of between 16" and 18" from the side wall;

5. Insulate the hot water and drain pipes in the 3rd floor restrooms in accordance with ADA Stds 4.19.4;

6. Install a full length mirror on an adjacent wall in the 3rd floor restrooms;

7. Defendant shall notify the Cinema tenant to install the toilet paper dispensers in accordance with ADA Stds 4.16.6 and Figure 29(b).

### E. ACCESS TO GOODS AND SERVICES

1. Defendant shall either install signage complying with ADA Stds 4.30 directing a guest to an accessible drinking fountain or will install a cup dispenser within the accessible reach range.

2. Defendant shall notify the "Express" tenant that it needs to install accessible signage in the fitting room, in compliance with ADA Stds 4.30.

6

3. With respect to tables for the seating of patrons, Defendant will provide at least 5% of the tables with a knee clearance of at least 27 inches high, 30 inches wide, and 19 inches deep in compliance with ADA Stds 4.32.3.

4. With respect to the parking pay machines, Defendant will provide directional signage to the information desk for assistance in compliance with ADA Stds 4.30.

5. Defendant will notify Fifth Third Bank to provide an ATM that complies with ADA Stds. 4.34.5.

**SIGNATURES:**

**Plaintiffs:**

By: _____
Bonnie Kramer, herself and on behalf
Of Disabled Patriots of America, Inc.

Date: _____

**Defendant:**

By: _*[signature]*_
Century Mall LLC

Its: _Managing Member_

Date: _9/8/08_

3. With respect to tables for the seating of patrons, Defendant will provide at least 5% of the tables with a knee clearance of at least 27 inches high, 30 inches wide, and 19 inches deep in compliance with ADA Stds 4.32.3.

4. With respect to the parking pay machines, Defendant will provide directional signage to the information desk for assistance in compliance with ADA Stds 4.30.

5. Defendant will notify Fifth Third Bank to provide an ATM that complies with ADA Stds. 4.34.5.

**SIGNATURES:**

**Plaintiffs:**

By: _/s/ Bonnie Kramer_
Bonnie Kramer, herself and on behalf
Of Disabled Patriots of America, Inc.

Date: 9/8/08

**Defendant:**

By: _____
Century Mall LLC

Its: _____

Date: _____